MUNRO *v.* BEADLE *et al.*

(*Supreme Court, Special Term, New York County.* October, 1888.)

</div>

LITERARY PROPERTY—WORDS—"SLEUTH."

     The introduction of the word "Sleuth" in the title of stories published by defendants will not be enjoined because plaintiff previously began a series called the "Old Sleuth" series, unless it appears that plaintiff acquired an exclusive right to use the word "Sleuth."

On application for injunction.

*Roger Foster*, for plaintiff.      *Rowland Cox*, for respondents.

INGRAHAM, J. The only act of the defendant complained of by the plaintiff is the introduction of the word "Sleuth" in the title of certain stories published by the defendant. There was no attempt on the trial to show that the defendant had used any symbol or design invented by the plaintiff to designate his series, and unless the plaintiff can establish that he has in some way acquired the exclusive right to use the word "Sleuth" in connection with stories of detectives, no right of the plaintiffs has been infringed. The word "Sleuth" has a well-defined meaning, and is defined by Webster to mean "the track of man or beast, as followed by the scent." It is used in connection with a hound to indicate a hound that follows the track of a human being or animal, and as applied to man would have the same meaning. The adoption by the plaintiff of the name of "Old Sleuth" to designate the series of books published by him could hardly be said to give to the plaintiff the exclusive right to use the word "Sleuth" in all future publications of every character, so that the rest of the world must invent a new word to express that meaning. That would be the logical effect of sustaining the position taken by the plaintiff in this case. The titles adopted by the defendant in the publication of their books would be perfectly intelligible to any one having no knowledge of the use to which the word had been applied by the plaintiff, and, assuming that the plaintiff had acquired a trade-mark in the words used by him to designate his publications, nothing proved in this case would show that the defendant has violated any right that he has acquired. The plaintiff has therefore failed to show any cause of action against the defendant, and the complaint must be dismissed, with costs.